B25A (Official Form 25A) (12/11)

## United States Bankruptcy Court
### District of Maryland

In re  **Comfort Kani Thompson**                                  Case No.   **16-24618**
                        Debtor(s)                                 Chapter    **11**

Small Business Case under Chapter 11

# COMFORT KANI THOMPSON'S PLAN OF REORGANIZATION, DATED MAY 24, 2017

## ARTICLE I
## SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of **Comfort Kani Thompson** (the "Debtor") from [specify sources of payment, such as an infusion of capital, loan proceeds, sale of assets, cash flow from operations, or future income].

This Plan provides for **two** classes of secured claims;   **one**   class of unsecured claims; and  **0**   classes of equity security holders.  Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately  **5**    cents on the dollar.  This Plan also provides for the payment of administrative and priority claims in full on the effective date of this Plan.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim.  A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.  **Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

2.01    Class 1.  All allowed claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2), ["gap" period claims in an involuntary case under § 507(a)(3),] and priority tax claims under § 507(a)(8)).

2.02    Class 2.  The claim of   **Nationstar Mortgage LLC**   , to the extent allowed as a secured claim under § 506 of the Code.

The claim of **Finegan Farm Home Owners Association** to the extent allowed as a secured claim under § 506 of the Code.

Section 1129(a)(9)(D) of the Code provides that a secured tax claim which would otherwise meet the description of a priority tax claim under § 507(a)(8) of the Code is to be paid in the same manner and over the same period as prescribed in § 507(a)(8).]

2.03    Class 3.  All unsecured claims allowed under § 502 of the Code.

2.04    Class 4.  The interests of the individual Debtor in property of the estate.

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,
## U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01    Unclassified Claims.  Under section §1123(a)(1), administrative expense claims, ["gap" period claims in an involuntary case allowed under § 502(f) of the Code,] and priority tax claims are not in classes.

B25A (Official Form 25A) (12/11) - Cont.                                                                                                                       2

      3.02      <u>Administrative Expense Claims</u>.  Each holder of an administrative expense claim allowed under § 503 of the Code[and a "gap" claim in an involuntary case allowed under § 502(f) of the Code,] will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

      3.03      <u>Priority Tax Claims</u>.  Each holder of a priority tax claim will be paid in sixty equal monthly installments, to the extant of the proof of claim filed, consistent with § 1129(a)(9)(C) of the Code. Debtor owes the IRS an amount of $2546.44 and the Comptroller of Treasury of Maryland and amount of $2479.00. Payments will be made out of Debtor's future income.

      3.04      <u>United States Trustee Fees</u>.  All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

# ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

      4.01      Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 -  Secured Claim of Nationstar Mortgage LLC:<br>Mortgage holder of Debtor's residential property - Germantown , MD | This class is impaired | The secured claim in this Class is impaired. The loan is secured by a first-priority Deed of Trust   against the residence in 14938 Finegan Farm Road in Germantown (Darnestown) MD 20874.<br><br>Nationstar Mortgage LLC has not yet filed a proof of claim. The debt is stated on Debtor's schedule D as $1,931,306.00. The Debtor will pay the allowed secured claim in accordance with the loan agreement and applicable non-Bankruptcy law.<br><br>a)The arrears will be paid in sixty equal monthly installments, to the extent a proof of claim is filed.<br><br>b) The Creditor shall retain the secured lien in accordance with the underlying loan agreement against the property and all the creditors rights and remedies under the agreement. Debtor shall also make monthly mortgage payments to Nationstar Mortgage LLC. |
| Class 2 - Secured claim of Finegan Farms Home Owners Association | This class is impaired | a) The claim at the start of this case was $12,457.31. The debt is made up of unpaid HOA fees on the Debtor's residence at 14938 Finegan Farm Rd, Germantown MD  20874<br><br>b)Debtor will pay $200 per month towards the arrears until all the arrears are paid in full.<br>This will be in addition to her regular quarterly HOA fees of $471 per quarter.<br><br>c) payment will be made from Debtor's future income. |

| | | |
|---|---|---|
| Class 3 - Allowed General Unsecured Creditors. These include the following(to the extent they file a proof of claim):<br><br>1. Debt Discovery Solution xxx-3585<br><br>2. First Premier xxx-4497<br><br>3. North American Credit Services xxx-8898,  xxx-5941 and xxx-0192<br><br>4. Stillmeadows Homeowners Association<br><br>5. Synchrony Bank/Walmart xxx-4079<br><br>6. Transworld Systems Inc/ 33 TSI xxx-3244 | This class is impaired | The total amount of the unsecured claims is $23,289.46<br>Debtor will make payments out of her future income. Payout to this class is estimated at $1165.00, which is about 5%. Payments will be made over a period of six months starting from the date of confirmation of this Plan. |
| | | |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

     5.01    Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

     5.02    Delay of Distribution on a Disputed Claim.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

     5.03    Settlement of Disputed Claims.  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

     6.01    Assumed Executory Contracts and Unexpired Leases.

     (a)    The Debtor assumes the following executory contracts and/or unexpired leases effective upon the "effective date of this Plan as provided in Article VII," "the date of the entry of the order confirming this Plan," or other applicable date:

| Name of Other Parties to Lease or Contract | Description of Contract or Lease |
|---|---|
| **-NONE-** | |

     (b)    The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the the date of the entry of the order confirming this Plan. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than __thirty__ (__30__) days after the date of the order confirming this Plan.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

The Debtor will implement this Plan as required under §1123(a)(5) of the Code using her future income.

## ARTICLE VIII
## GENERAL PROVISIONS

8.01     Definitions and Rules of Construction.  The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

8.02     Effective Date of Plan.  The effective date of this Plan is the first business day following the date that is fourteen days after the entry of the order of confirmation.  If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

8.03     Severability.  If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04     Binding Effect.  The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05     Captions.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06     Controlling Effect.  Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of  Maryland   govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

8.07     Corporate Governance.   Debtor is not a corporation.

## ARTICLE IX
## DISCHARGE

9.01     Discharge.  Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

## ARTICLE X
## OTHER PROVISIONS

10.01    The Debtor shall have the discretion to accelerate payments to relatively small priority secured claims of less than Three Thousand Dollars, and pay them off sooner than scheduled in the Plan if her excess cash flow or financial situation permits.

Respectfully submitted,

By:  /s/ Comfort Kani Thompson
     **Comfort Kani Thompson**
     The Plan Proponent

By:  /s/ Jennifer Opoku-Asare, Esq.
     **Jennifer Opoku-Asare, Esq. 18914**
     Attorney for the Plan Proponent